**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-cv-00096-TWP-DML |
| | ) |
| EVELYN WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

This matter is before the Court on Defendant Evelyn Williams' ("Williams") Motion *in Limine* regarding the United States of America's (the "Government") testimony from Revenue Officer Karl Weeman ("Weeman"). ([Filing No. 82](#).) Williams askes the Court to exclude the Government's witness Weeman. In the alternative, she requests that the Court compel the Government to issue a belated Rule 26(a)(2)(C) disclosure and to reopen discovery for the limited purpose of deposing Weeman should the case survive summary judgment.

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

The procedural backdrop of this issue concerns the lack of notice defense ("Notice Defense") put forth by Williams. Of importance, Weeman will testify about the "Integrated Data

Retrieval System; the mechanism by which tax returns trigger updates to the taxpayer's Individual Master File; or the relationship between tax returns and IRS account transcripts." ([Filing No. 83-2](#).) Williams first disclosed the Notice Defense on May 1, 2017—two weeks after close of fact discovery. On May 12, 2017, the Government unsuccessfully moved for sanctions and to strike the Notice Defense. ([Filing No. 47](#).) Williams' defense to the sanctions was that she learned of the Notice Defense no earlier than April 17, 2017, after reviewing the Government's discovery responses. ([Filing No. 51 at 2](#).) It is undisputed that because the Notice Defense did not become particularly relevant until at least May 1, 2017, this in part may account for the Government's August 23, 2017 disclosure of Weeman as a possible trial witness for the first time. (*See* [Filing No. 78](#).)

    The parties disagree over whether Weeman is a fact-witness or technical expert. The Government contends that Weeman is a fact-witness, while Williams responds that he is an expert or hybrid fact/expert witness because he will testify to some extent about matters that he has no personal knowledge but would draw from his specialized knowledge to help the trier of fact understand the evidence. (*Id*.; [Filing No. 83 at 2-3](#).) The Government's argument that Weeman will not serve as a technical expert is unpersuasive. Perhaps if notice had not become a central issue in this case, the Court might be inclined to accept the Government's argument that any testimony from Weeman would serve merely to provide a foundation for the information that the Internal Revenue Service's ("IRS") systems maintained (that he had personally reviewed), and not to establish contents of that information. Further, the contents of the IRS's internal document and the updated address contained therein are facts that have been placed at issue in this case. ([Filing No. 65-7](#).) Thus, Weeman's expertise will become relevant at trial to help the Court understand, at a minimum, the document at issue qualifying him as a Rule 702 expert.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

Fed. R. Evid. 702. Rule 26(e) governs litigants' ongoing duty to supplement or correct Rule 26 initial disclosures.

> A party who has made a disclosure under Rule 26(a)(1) ... must supplement or correct its disclosure or response ... (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Fed. R. Civ. P. 26 (e)(1)(A)(B).

Further, because Weeman's testimony is qualified as expert testimony, Federal Rule of Civil Procedure 26(a)(2)(E) requires litigants to supplement expert disclosures when required under Rule 26(e). The Government's preliminary witness list did not disclose Weeman as a potential witness. ([Filing No. 33](#).) Notwithstanding the Government's untimely disclosure of Weeman as a potential witness as well as its failure to supplement disclosures under Rule 26, the extraordinary Rule 37(c)(1) sanction Williams seeks in excluding all testimony from him is not appropriate. Rule 37(c)(1) provides that if a party fails to identify a witness as required by Rule 26 (a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless. Here, the Government's failure was substantially justified due to the trajectory of this case. Discovery closed on April 17, 2017. ([Filing No. 23](#).) Williams raised the Notice Defense for the first time on May 1, 2017 by filing a Statement of Defenses. ([Filing No. 39](#).) On May 5, 2017, Williams filed a Motion for Leave to file a Second Amended Answer and Affirmative Defenses to properly assert the Notice Defense that she had just become aware of shortly after the close of discovery.

3

([Filing No. 41](#).) On June 16, 2017, the Magistrate Judge granted that motion. ([Filing No. 59](#).) By the time the motion was granted the Government had already filed its Motion for Summary Judgment on June 14, 2017. ([Filing No. 57](#).) Williams filed a Cross Motion for Summary Judgment on July 9, 2017 ([Filing No. 64](#)), and a Revised Brief in Support of Cross Motion for Summary Judgment on August 24, 2017 ([Filing No. 81](#)), detailing the substance of her Notice Defense.

Although at a minimum, the Government was aware that the Notice Defense would become a central theory in this case when the Magistrate Judge granted Williams Motion for Leave to raise it on June 16, 2017, the Court acknowledges that there were some moving targets that substantially justifies the Government's failure to correct and supplement its initial disclosures. Therefore, the Court **grants** the alternative relief requested by Williams in her Motion *in Limine*. Accordingly, the Government is compelled to issue its belated Rule 26(a)(2)(C) disclosure and Williams is permitted to conduct discovery for the limited purpose of deposing Weeman.

For the reasons stated above, Evelyn Williams' Motion in *Limine* ([Filing No. 82](#)) is **DENIED in part and GRANTED in part.** The Motion is **DENIED** for the purpose of excluding Weeman's testimony, but **GRANTED** in the alternative. The Government is hereby **ORDERED** to file, within **fourteen (14) days** of the date of this Order, its belated Rule 26(a)(2)(C) disclosure regarding Weeman. Once the disclosure is filed, discovery is reopened for **forty-five (45)** days for the limited purpose of deposing Weeman.

    **SO ORDERED.**

    Date: 1/31/2018

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Jordan Andrew Konig
U.S. DEPARTMENT OF JUSTICE - Tax Division (Washington DC)
jordan.a.konig@usdoj.gov

Steven Spinetti Tennyson
U.S. DEPARTMENT OF JUSTICE
steven.tennyson@usdoj.gov

Jamie Andree
INDIANA LEGAL SERVICES, INC.
jamie.andree@ilsi.net

John E. Brengle
INDIANA LEGAL SERVICES
john.brengle@ilsi.net

Matthew Aaron Hutchens
INDIANA LEGAL SERVICES, INC.
matthew.hutchens@ilsi.net